✎ AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____   District of   _____Delaware_____

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| Alipio Rodriguez | Case Number: CR05-34-GMS |
| _Defendant_ | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed     that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in  _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in  _____.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  X  a preponderance of the evidence : The court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community for the following reasons:

1. Defendant did not oppose the government's motion for detention at this time, but reserved the right to request a detention hearing in the future which was granted.
2. Defendant is charged with illegal re-entry into the US. Defendant was previously deported on May 9, 2002 due to his conviction (pled guilty) of criminal possession of a controlled substance in NY state court. His original sentence was three years to life.
3. Information on defendant is at best sketchy. Although he claimed a close contact with his children, the two in the US advised that they have had very limited contact with their father for a number of years. According to his son, he recently had a call from his father (after his arrest) just "out of the blue." He could not verify any information regarding his father, including his residence and thought that his father lived in Philadelphia.
4. Defendant could not recall the last name of one of his daughters that live in the Dominican Republic, but still claimed that he maintained contact with all of his children except one. Defendant has a total of 7 children, with 1 in Spain, 4 in DR and 2 in the US.
5. Defendant claimed that he rented a room in Wilmington, De prior to his arrest on March 5 for trafficking in cocaine, but was unable to provide information regarding the owner of the home.
6. Defendant advised that he traveled frequently between the DR and the US since December 2003.
7. In addition to his conviction noted above, defendant, at the time of his arrest on federal charges, was awaiting trial in DE state court for trafficking in cocaine and other drug related charges which are scheduled to proceed to trial in September 2005. Defendant was being held

FILED
JUN 2 4 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

by the state for failure to post $280,000 bond. Any release on the federal charge would not affect his failure to make bail on the state charges.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

June 24, 2005
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).