IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-34-GMS |
| ALIPIO RODRIGUEZ, | : | |
| Defendant. | : | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Alipio Rodriguez, by and through his attorney, Christopher D. Tease, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Alipio Rodriguez, agrees to plead guilty to Count One of the Indictment charging him with re-entry after deportation in violation of Title 8, United States Code, Section 1326(a) and (b)(1) which carries a maximum penalty of 10 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (a) the defendant previously had been deported; (b) subsequent to his deportation, the defendant was found in the United States; and (c) neither the Attorney General nor the Undersecretary for Border and

Transportation Security, Department of Homeland Security had consented to the defendant's reentry.

    3.    The defendant knowingly, voluntarily, and intelligently admits the following facts:

(a) he is not a citizen of the United States; (b) on or about June 5, 2002, he was deported from the United States to the Dominican Republic; (c) he was found in the United States on or about March 25, 2005; and (d) neither the Attorney General nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, had consented to his reentry into the United States.

    4.    The parties agree that, pursuant to U.S.S.G. § 2L1.2(a), the defendant's base offense level is 8. The parties further agree that, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), the defendant receives an 8 level increase because the defendant was deported after a conviction for an aggravated felony. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. Finally, the defendant understands that the Court may reject the sentencing guideline calculation contained in this paragraph and that such rejection will not provide a basis for the defendant to attempt to withdraw his guilty plea.

    5.    The defendant agrees to pay the $100 special assessment at the time of sentencing.

Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6.  Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a three-level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

7.  The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

8.  It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

/   /   /

have no effect whatsoever, unless they comport with the subsequent written modification

requirements of this paragraph.

                                            COLM F. CONNOLLY
                                            United States Attorney


_____    BY:    _____
Alipio Rodriquez                                Beth Moskow-Schnoll
Defendant                                               Assistant United States Attorney


_____
Christopher Tease
Attorney for Defendant


Dated:


      **AND NOW,** this \_\_\_ day of _____, 2005, the foregoing Memorandum of

Plea Agreement is hereby  (accepted) (rejected) by this Court.


                                          _____
                                          HONORABLE GREGORY M. SLEET
                                          United States District Court Judge